18-1873-cv
*Syfert v. City of Rome*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of May, two thousand nineteen.

PRESENT:  JOSÉ A. CABRANES,
PETER W. HALL,
*Circuit Judges*,
TIMOTHY C. STANCEU,
*Judge.*\*

---

MARK SYFERT,

    *Plaintiff-Appellant*,                                          18-1873-cv

    v.

CITY OF ROME,

    *Defendant-Appellee.*

---

FOR PLAINTIFF-APPELLANT:          Mark Syfert, pro se, Rome, NY.

FOR DEFENDANT-APPELLEE:          Gerard Feeney, II, Corporation Counsel,
                                 Office of the Corporation Counsel, Rome,
                                 NY, and John Paul Orilio, Assistant

---

\* Judge Timothy C. Stanceu, of the United States Court of International Trade, sitting by designation.

Corporation Counsel, City of Utica Law
Department, Utica, NY.

Appeal from a May 22, 2018 judgment of the United States District Court for the Northern District of New York (Glenn T. Suddaby, *Chief Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Mark Syfert ("Syfert"), pro se, sued the City of Rome ("City") for violating his civil rights pursuant to 42 U.S.C. §§ 1983 and 1985. Syfert's amended complaint alleges a history of mistreatment by City employees in connection with his residence and his plumbing business. The District Court, adopting in its entirety the Report & Recommendation ("R&R") of Magistrate Judge Dancks: (1) *sua sponte* dismissed Syfert's amended complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim; (2) denied Syfert's motion for appointment of counsel; and (3) denied Syfert any further opportunity to amend. On appeal, Syfert challenges only the District Court's denial of a second opportunity to amend his complaint. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's *sua sponte* dismissal of a complaint under 28 U.S.C. § 1915(e)(2). *Zaleski v. Burns*, 606 F.3d 51, 52 (2d Cir. 2010). Section 1915(e)(2) requires a district court to dismiss a complaint filed *in forma pauperis* if the court determines that the action or appeal "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (although allegations in a complaint are assumed to be true, this tenet is "inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). We afford a pro se litigant "special solicitude" by interpreting the pro se complaint "to raise the strongest claims that it suggests." *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (internal alterations and quotation marks omitted).

I.      Abandonment of Claims

While we "liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest," *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (internal quotation marks omitted), pro se appellants must still comply with Federal Rule of Appellate Procedure 28(a), which "requires appellants in their briefs to provide the court with a clear statement of the issues on appeal," *Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998). Despite affording pro se litigants "some latitude in meeting the rules governing litigation," we

"normally will not[ ] decide issues that a party fails to raise in his or her appellate brief." *Id.*; *see also Terry v. Inc. Village of Patchogue,* 826 F.3d 631, 632–33 (2d Cir. 2016) ("Although we accord filings from pro se litigants a high degree of solicitude, even a litigant representing himself is obliged to set out identifiable arguments in his principal brief." (internal quotation marks omitted)); *LoSacco v. City of Middletown,* 71 F.3d 88, 93 (2d Cir. 1995) ("[W]e need not manufacture claims of error for an appellant proceeding *pro se.*").

Syfert's appellate brief focuses exclusively on his own "clerical error," namely his failure to attach fifteen pages of documents to his amended complaint. *See* 2d Cir. Dkt. (Case No. 18-1873), Doc. No. 57. Syfert's brief, however, does not argue that the District Court erred in *sua sponte* dismissing his amended complaint, as required under Federal Rule of Appellate Procedure 28(a). At best, Syfert's brief, liberally construed, may be read to challenge the District Court's ruling that no further amendment of the complaint would be permitted. Because Syfert's appellate brief fails to challenge the bases for the District Court's *sua sponte* dismissal of his complaint, we conclude that he has abandoned any challenges to the District Court's May 22, 2018 Decision and Order except to the extent that his appellate brief can be construed as challenging the District Court's denial of an opportunity to file a second amended complaint.[1] *See Terry,* 826 F.3d at 632–33; *LoSacco,* 71 F.3d at 93.

## II.       Amendment of the Complaint

Denial of leave to amend a pleading is generally reviewed for abuse of discretion. *Papelino v. Albany Coll. of Pharmacy of Union Univ.,* 633 F.3d 81, 88 (2d Cir. 2011). But "[w]hen the denial of leave to amend is based on a legal interpretation, such as a determination that amendment would be futile, a reviewing court conducts a *de novo* review." *Hutchison v. Deutsche Bank Sec. Inc.,* 647 F.3d 479, 490 (2d Cir. 2011). Upon *de novo* review, we conclude that the District Court properly denied Syfert an opportunity to file a second amended complaint because his claims are time barred and cannot be cured by amendment. *See Walters v. Indus. & Commercial Bank of China, Ltd.,* 651 F.3d 280, 293 (2d Cir. 2011) (holding that a district court may dismiss an action *sua sponte* on limitations grounds when "the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted" (internal quotation marks omitted)).

The statute of limitations for § 1983 claims in New York is three years. *Patterson v. County of Oneida,* 375 F.3d 206, 225 (2d Cir. 2004). "While state law supplies the statute of limitations for claims under § 1983, federal law determines when a federal claim accrues." *Connolly v. McCall,* 254 F.3d 36, 41 (2d Cir. 2001) (internal quotation mark omitted). Under federal law, a § 1983 claim accrues when

---

[1] Even assuming *arguendo* that Syfert has not abandoned his claims, his appeal is without merit substantially for the reasons articulated in the February 12, 2018 R&R, as adopted by the District Court in its May 22, 2018 judgment.

the plaintiff knows or has reason to know of the injury that constitutes the basis of his action. *Pearl v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir. 2002). Syfert traces his injuries to a "mistake" made in the City's 1989 classification of his property, which was disclosed to him at the very latest in a 2009 letter. As a result, any claims Syfert may assert under § 1983 are time barred.

The District Court, upon dismissing the § 1983 claim as time barred, also considered whether Syfert had pleaded a sufficient basis for equitable tolling. Equitable tolling applies only in "rare and exceptional circumstances, where . . . extraordinary circumstances prevented a party from timely performing a required act, and . . . the party acted with reasonable diligence throughout the period he sought to toll." *Walker v. Jastremski*, 430 F.3d 560, 564 (2d Cir. 2005) (internal quotation marks and brackets omitted); *see also Zerilli-Edelglass v. N.Y.C. Transit Auth.*, 333 F.3d 74, 80–81 (2d Cir. 2003). To qualify for equitable tolling, a plaintiff must demonstrate that he acted with reasonable diligence in pursuing his claim, but that some extraordinary circumstance, such as fraudulent concealment, prevented him from timely filing suit. *Ellul v. Congregation of Christian Bros.*, 774 F.3d 791, 801 (2d Cir. 2014). "We review a district court's decision to deny equitable tolling for abuse of discretion." *Zerilli-Edelglass*, 333 F.3d at 81.

Conclusory allegations of non-disclosure do not amount to fraudulent concealment or the sort of extraordinary circumstances that warrant equitable tolling. *See Pinaud v. County of Suffolk*, 52 F.3d 1139, 1157–58 (2d Cir. 1995). Nor has Syfert exercised reasonable diligence in pursuing his claims; in fact, he admits in his amended complaint that he was made aware of the City's alleged misclassification in 2009. Thus, because Syfert has pleaded neither extraordinary circumstances nor reasonable diligence, we conclude that the District Court did not abuse its discretion in determining that Syfert had not met the "extraordinary" burden to invoke equitable tolling.

Finally, insofar as Syfert contends that the fifteen pages he neglected to attach to his amended complaint would somehow save his action from dismissal, his argument is unavailing. The record reflects that the District Court was aware of these documents when it dismissed Syfert's amended complaint and its analysis thus stands: Syfert's claim began accruing at the very latest in 2009, when he first had reason to know of his injury. Accordingly, the District Court did not err in dismissing Syfert's claims as untimely or by denying leave to amend.

## CONCLUSION

We have considered all of Syfert's remaining arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM** the May 22, 2018 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4