19-1535-pr
*Lombardo v. Graham*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of April, two thousand twenty.

PRESENT:
> DEBRA ANN LIVINGSTON,
> RAYMOND J. LOHIER, JR.,
> WILLIAM J. NARDINI,
> *Circuit Judges.*

───────────────────────────────

Joseph Lombardo,

> *Plaintiff-Appellant*,

> v.                                                          19-1535-pr

Harold D. Graham, Superintendent Auburn Correctional Facility, Jane Doe, Nurse Auburn Correctional Facility,

> *Defendants-Appellees*.

───────────────────────────────

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Joseph Lombardo, *pro se*, Sing Sing Correctional Facility, Ossining, NY. |
| **FOR DEFENDANTS-APPELLEES:** | No appearance. |

Appeal from a judgment of the United States District Court for the Northern District of New York (Sharpe, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Joseph Lombardo, *pro se* and incarcerated, appeals from the district court's *sua sponte* dismissal, without prejudice, of his 42 U.S.C. § 1983 complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1). Lombardo sued Nurse Jane Doe and Superintendent Harold J. Graham of the Auburn Correctional Facility for deliberate indifference to his serious medical needs, in violation of the Eighth Amendment, alleging that Doe delayed his medical treatment for a partially collapsed lung and broken ribs after another prisoner assaulted him; he did not make any allegations concerning Graham. The district court provided Lombardo an opportunity to amend, but, instead of amending, Lombardo appealed. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

As a preliminary matter, we have jurisdiction over the appeal. Although the district court granted leave to amend, Lombardo appealed rather than amending his complaint, and the time to amend has now passed. *See Slayton v. Am. Express Co.*, 460 F.3d 215, 224 n.7 (2d Cir. 2006); *Festa v. Local 3 Int'l Bhd. of Elec. Workers*, 905 F.2d 35, 37 (2d Cir. 1990) (per curiam) ("[S]ince the deadline imposed by the district court for amendment has passed, we will treat the present appeal as having been timely filed after the dismissal by the district court became final.").

We review *de novo* a district court's *sua sponte* dismissal of a complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A. *See Zaleski v. Burns*, 606 F.3d 51, 52 (2d Cir. 2010); *McEachin v.*

2

*McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004). Under § 1915(e)(2)(B), the district court must dismiss a complaint filed *in forma pauperis* if it determines that "the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The same standard applies to prisoner complaints under § 1915A. *Id.* § 1915A(b).

To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* submissions are reviewed with "special solicitude," and "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006) (internal quotation marks and emphasis omitted).

## I.    Nurse Doe

To "establish an Eighth Amendment claim arising out of inadequate medical care, a prisoner must prove deliberate indifference to his serious medical needs." *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (internal quotation marks and brackets omitted). Deliberate indifference has objective and subjective components: "First, the alleged deprivation must be, in objective terms, sufficiently serious. Second, the defendant must act with a sufficiently culpable state of mind." *Id.* (internal quotation marks and citation omitted). To satisfy the subjective component, a plaintiff must establish "that the charged official act[ed] or fail[ed] to act while actually aware of a substantial risk that serious inmate harm will result." *Salahuddin v. Goord*,

3

467 F.3d 263, 280 (2d Cir. 2006). "[W]hile 'mere medical malpractice' is not tantamount to deliberate indifference, certain instances of medical malpractice may rise to the level of deliberate indifference; namely, when the malpractice involves culpable recklessness, i.e., an act or a failure to act by the prison doctor that evinces 'a conscious disregard of a substantial risk of serious harm.'" *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996) (quoting *Farmer v. Brennan*, 511 U.S. 825, 839 (1994)); *see Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.").

In cases where a prisoner alleges a delay in medical treatment, courts examine both the seriousness of the prisoner's medical conditions and the harm caused by any unreasonable delay. *See Salahuddin*, 467 F.3d at 280 ("[I]f the prisoner is receiving on-going treatment and the offending conduct is an unreasonable delay or interruption in that treatment, the seriousness inquiry 'focus[es] on the challenged delay or interruption in treatment rather than the prisoner's underlying medical condition alone.'" (quoting *Smith v. Carpenter*, 316 F.3d 178, 185 (2d Cir. 2003))). Although the delay in Lombardo's medical treatment was relatively brief (28 hours), he suffered from severe conditions (a partially collapsed lung and multiple rib fractures that required immediate treatment), and he alleged that one of his emergency room doctors told him it was "crazy" that the prison did not send him to the hospital for nearly 28 hours after he was injured. Lombardo also alleged that he experienced severe pain and trouble breathing during the 28-hour delay. Thus, taken together, Lombardo's allegations regarding his severe medical conditions, the pain he experienced during the delay, and the doctor's statement that the delay in treatment was "crazy" are sufficient to state a claim under the objective prong. *See id.*

4

However, Lombardo's complaint fails because he did not adequately allege that Nurse Doe acted with a sufficiently culpable mental state, i.e., culpable recklessness as opposed to mere negligence. His minimal allegations do not indicate that the nurse was actually aware that his injuries were so severe as to require immediate medical treatment and that she consciously disregarded the risk of delaying such treatment. *See id*. He alleged only that Nurse Doe examined him and wiped blood from his face and body, that he told her he could not breathe, and that she sent him to his cell with a handful of ibuprofen. Additional details about his physical injuries, degree of respiratory difficulty, or his interactions with Nurse Doe would have helped Lombardo plausibly allege that Nurse Doe was aware he was suffering from serious injuries and deliberately denied treatment. Although Lombardo also alleged that he complained to a corrections officer during the night about his continued pain and difficulty breathing, he did not sue that officer or allege that these complaints were relayed to Nurse Doe. Moreover, in its decision and order, the district court pointed out what Lombardo needed to plead in order to state a claim, but Lombardo chose to appeal rather than amend.

In sum, Lombardo failed to allege that Nurse Doe acted with a sufficiently culpable mental state under Eighth Amendment case law. *See id.*

## II. Superintendent Graham

The district court also did not err in dismissing Lombardo's claim against Superintendent Graham. We have set forth the following grounds for supervisory liability under § 1983:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who

5

committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

*Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995).[1]

As the district court noted, Lombardo's complaint named Graham as a defendant but made no reference to him in the body of the complaint. On appeal, Lombardo asserts for the first time that Graham knew or should have known about the lack of medical services his employees provided because inmates have filed a number of grievances and lawsuits against his medical staff, and that his failure to intervene to protect prisoners amounted to deliberate indifference. These generalized allegations are insufficient to show that Graham participated in the delay in Lombardo's medical treatment, that he was grossly negligent in supervising medical staff, that he had created or allowed a policy of delaying treatment, or that he was aware of the delay in Lombardo's treatment and failed to intervene. *See id.* at 873–74.

We have considered all of Lombardo's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] Although we have observed that *Iqbal* may have heightened the requirements for supervisory liability by requiring more direct personal involvement, we need not decide that issue where, as here, the allegations are also insufficient to state a claim under *Colon*. *See Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013).