**ARKANSAS PUBLIC SERVICE COMMISSION, Petitioner**

v.

**FEDERAL ENERGY REGULATORY COMMISSION, Respondent**

**Mississippi Public Service Commission, et al., Intervenors**

**No. 16-1193**
**September Term, 2017**

United States Court of Appeals, District of Columbia Circuit.

Filed On: January 30, 2018

Paul Randolph Hightower, Arkansas Public Service Commission, Little Rock, AR, Dennis Lane, Glen L. Ortman, Stinson Leonard Street LLP, Washington, DC, for Petitioner

Carol Jayne Banta, Attorney, Robert Harris Solomon, Esquire, Solicitor, Federal Energy Regulatory Commission, (FERC) Office of the Solicitor, Washington, DC, for Respondent

David E. Pomper, Jessica Rachel Bell, Attorney, Stephen Charles Pearson, Spiegel & McDiarmid LLP, Washington, DC, Chad James Reynolds, Senior Attorney, Mississippi Public Utilities Staff, Jackson, MS, for Intervenor for Respondent Mississippi Public Service Commission

Jennifer Anne Morrissey, Presley Randolph Reed, Jr., Attorneys, Clinton Andrew Vince, Dentons US LLP, Washington, DC, for Intervenor for Respondent Council of the City of New Orleans, Louisiana

Jennifer Shepherd Amerkhail, Entergy Services, Inc., Washington, DC, for Intervenor for Respondent Entergy Services, Inc.

Debra D. Roby, Jennings, Strouss & Salmon, PLC, Washington, DC, Alan I. Robbins, Jennings, Strouss & Salmon, PLC, Washington, DC, for Intervenor for Respondent Public Utility Commission of Texas

Noel Joseph Darce, Esquire, Michael R. Fontham, Paul Lewis Zimmering, Stone Pigman Walther Wittmann LLC, New Orleans, LA, for Intervenor for Respondent Louisiana Public Service Commission

Before: Garland, Chief Judge, and Srinivasan and Millett, Circuit Judges.

## JUDGMENT

The court considered this petition for review on the record from the Federal Energy Regulatory Commission, and on the briefs and oral arguments of the parties. The court has given the issues full consideration and determined that they do not warrant a published opinion. *See* Fed. R. App. P. 36; D.C. Cir. R. 36(d). For the reasons stated below, it is

**ORDERED** and **ADJUDGED** that the petition for review be **DENIED**.

This case concerns Entergy Arkansas's liability for certain payments that the Federal Energy Regulatory Commission (FERC) determined it owed for a seven-month period in 2005. For the past several decades, Entergy Arkansas was party to a system operating agreement governing electricity generation for five Entergy subsidiaries in the southern United States. The system operating agreement required parties to share various investment and production costs in a roughly equal manner. When the parties' costs diverged in 2005, FERC ordered the subsidiaries with fewer costs, like Entergy Arkansas, to make so-called "bandwidth payments" to the subsidiaries with greater costs. *See La. Pub. Serv. Comm'n v. FERC*, 866 F.3d 426, 427-28 (D.C. Cir. 2017). Before Entergy Arkansas made all of the bandwidth payments it owed for a seven-month period in 2005, the payment of which had been delayed because of separate litigation, Entergy Arkansas lawfully withdrew from the system operating agreement.

The Arkansas Public Service Commission (APSC) argued before FERC that Entergy Arkansas's withdrawal extinguished its obligation to make the bandwidth payments it had incurred for the 2005 period. FERC rejected that argument. APSC now petitions for review in this court. We deny the petition.

*First*, we conclude that we have jurisdiction. Section 313 of the Federal Power Act gives this court jurisdiction to review a

FERC order only if an aggrieved party timely files an application for rehearing before FERC, and then timely seeks judicial review of FERC's order on rehearing. *See* 16 U.S.C. § 825*l*. Parties are not permitted to circumvent the requirement that they seek timely rehearing and review of the challenged order by instead seeking rehearing and review of a later order addressing the same issue. *See City of Nephi v. FERC*, 147 F.3d 929, 934 (D.C. Cir. 1998). To determine whether a petition collaterally attacks a prior order as to which a petition for review would be untimely, we ask whether the prior order "gave 'sufficient notice' of the rule" to which the petitioner now objects. *Southern Co. Servs., Inc. v. FERC*, 416 F.3d 39, 44 (D.C. Cir. 2005) (quoting *Dominion Res., Inc. v. FERC*, 286 F.3d 586, 590 (2002) ).

To resolve the jurisdictional question in this case, we must delve into the procedural background for APSC's petition for review. FERC issued multiple orders pertaining to Entergy Arkansas's liability for bandwidth payments. On October 20, 2011, FERC first ordered bandwidth payments for the relevant 2005 period. In December 2011, Entergy submitted a compliance filing setting out the amounts of the relevant bandwidth payments that Entergy Arkansas would make to the other Entergy subsidiaries for that period. APSC and several other parties challenged the compliance filing and requested rehearing on grounds unrelated to this case. In the meantime, Entergy Arkansas withdrew from the system operating agreement. On February 28, 2014, FERC issued orders rejecting Entergy's 2011 compliance filing because Entergy had miscalculated the payment amounts. FERC also resolved the various rehearing requests. *See La. Pub. Serv. Comm'n v. Entergy Servs., Inc.*, 146 F.E.R.C. ¶ 61,153 (2014); *La. Pub. Serv. Comm'n v. Entergy Servs., Inc.*, 146 F.E.R.C. ¶ 61,152 (2014). APSC did not request rehearing of those orders.

On April 29, 2014, Entergy submitted a revised compliance filing, recalculating Entergy Arkansas's liability for the 2005 payments. APSC challenged that filing on the ground that Entergy Arkansas no longer owed bandwidth payments because it had withdrawn from the agreement. FERC rejected APSC's arguments on rehearing, and APSC seeks judicial review of FERC's denial of its rehearing request.

The jurisdictional question in this case is whether APSC should have presented its arguments based on Entergy Arkansas's withdrawal from the agreement in a request for rehearing of the February 28, 2014, orders, such that its later presentation of those arguments in a challenge to Entergy's April 29, 2014, compliance filing amounts to an untimely collateral attack. We conclude that APSC need not have challenged the earlier orders. To be sure, the earlier FERC orders stated that Entergy Arkansas would be liable for bandwidth payments, and those orders were issued after Entergy Arkansas had withdrawn from the operating agreement. But as FERC acknowledges, those orders "did not explicitly address the issue presented on review": whether Entergy Arkansas's withdrawal affected its obligation to make those payments. FERC Br. 20. Neither did those orders give APSC "sufficient notice" that Entergy Arkansas's withdrawal would have no effect on its liability for the bandwidth payments. APSC's petition for review is therefore not an untimely collateral attack on earlier FERC orders.

*Second*, we conclude that it is appropriate for us to decide the case now. FERC argues that we should refrain from deciding the case because it "lacks the finality and/or ripeness necessary for judicial review." FERC Br. 21. We disagree. FERC's decision that Entergy Arkansas

remains liable for bandwidth payments from 2005 despite its withdrawal represents "the consummation of the agency's decisionmaking process" on that issue, and determines the "obligations" of Entergy Arkansas with respect to those payments. *Ctr. for Auto Safety v. Nat'l Highway Traffic Safety Admin.*, 452 F.3d 798, 800 (D.C. Cir. 2006) (quoting *Bennett v. Spear*, 520 U.S. 154, 178, 117 S.Ct. 1154, 137 L.Ed.2d 281 (1997)). Furthermore, delaying our consideration of Entergy Arkansas's liability would not "permit better review of the issues," because the issues on review largely revolve around contract interpretation uninfluenced by future events. *Northern Ind. Pub. Serv. Co. v. FERC*, 954 F.2d 736, 738 (D.C. Cir. 1992). FERC's orders are therefore final and ripe for our review.

*Third*, on the merits, we reject APSC's submission that Entergy Arkansas's withdrawal from the agreement extinguished its obligation to make incurred bandwidth payments. Background principles of contract law, reflected in state law and applied in numerous court decisions, support FERC's conclusion that a party's accrued contractual obligations continue beyond its withdrawal from a contract. Section 2-106 of the Uniform Commercial Code, for example, provides that, upon termination of a contract, "all obligations which are still executory on both sides are discharged," but "any right based on prior [ ] performance"—i.e., any accrued obligation—"survives." U.C.C. § 2-106(3). The Fifth Circuit has similarly concluded that the termination of a contractual relationship does not extinguish previously incurred obligations. *See Millennium Petrochemicals, Inc. v. Brown & Root Holdings, Inc.*, 390 F.3d 336, 340 (5th Cir. 2004). APSC points to no case or authority suggesting otherwise. We therefore agree with FERC's decision that Entergy Arkansas's obligation to make previously incurred band-

width payments did not terminate when it withdrew from the system operating agreement.

For the reasons stated, we deny the petition for review.

Pursuant to D.C. CIR. R. 36(d), this disposition will not be published. The Clerk is directed to withhold issuance of the mandate until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* FED. R. APP. P. 41(b); D.C. CIR. R. 41(b).