18-1144
McCray v. Lee

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

- - - - - -

August Term, 2019

(Argued:  February 19, 2020                    Decided:    June 18, 2020)

Docket No. 18-1144

_____

LIONEL MCCRAY,

*Plaintiff-Appellant*,

- v. -

Superintendent WILLIAM LEE, Watch Commander Lt. PLIMLEY,
Sergeant KUTZ,

*Defendants-Appellees.*[*]

_____

Before:  KATZMANN, *Chief Judge*, KEARSE and BIANCO, *Circuit Judges*.

---

[*]    The Clerk of Court is instructed to amend the official caption to
conform with the above.

Plaintiff *pro se*, a New York State prisoner, appeals from a judgment of the United States District Court for the Southern District of New York, Kenneth M. Karas, *Judge*, dismissing his action under 42 U.S.C. § 1983 against correctional facility officials for failure to clear snow and ice from outdoor exercise yards for an entire winter, thereby allegedly violating plaintiff's rights under the Eighth Amendment by (a) denying him physical exercise for four months, and (b) causing him to be injured in a slip-and-fall accident. The district court granted defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on grounds of qualified immunity and failure to state a claim on which relief can be granted under the Eighth Amendment, and of mootness as to plaintiff's requests for injunctive relief given his transfer to a different correctional facility. *See McCray v. Lee*, No. 16-CV-1730, 2018 WL 1620976 (S.D.N.Y. Mar. 29, 2018). On appeal, plaintiff challenges these rulings and contends that defendants' failure also violated a 1985 consent decree. We conclude that the district court erred in dismissing pursuant to Rule 12(b)(6) the Eighth Amendment claims seeking damages for the denial of exercise, but we affirm the dismissal of the remaining Eighth Amendment claims.

Affirmed in part, vacated and remanded in part.

Lionel McCray, Auburn, New York, *Plaintiff-Appellant pro se.*

DAVID LAWRENCE III, Assistant Solicitor General, New York, New York (Letitia James, Attorney General of the State of New York, Barbara D. Underwood, Solicitor General, Anisha S. Dasgupta, Deputy Solicitor General, New York, New York, on the brief), *for Defendants-Appellees.*

KEVIN KING, Washington, D.C. (Amy Leiser, Covington & Burling, on the brief), *Court-Appointed Amicus-Curiae, in support of Plaintiff-Appellant.*

KEARSE, *Circuit Judge*:

Plaintiff *pro se* Lionel McCray, a New York State prisoner, appeals from a judgment of the United States District Court for the Southern District of New York, Kenneth M. Karas, *Judge*, dismissing his claims brought under 42 U.S.C. § 1983 and state law, alleging that the defendant officials at the correctional facility where he was previously incarcerated failed to clear snow and ice from outdoor exercise yards for an entire winter and thereby violated his rights under the Eighth Amendment by (a) denying him a meaningful opportunity for physical exercise for four months, and (b) causing him to be injured in a slip-and-fall accident. The district court granted defendants' motion to dismiss McCray's second amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), principally ruling that McCray failed to state

a claim under the Eighth Amendment; that if such a claim for damages were stated, defendants would be entitled to qualified immunity; and that requests for injunctive relief were moot because McCray had been transferred to a different correctional facility. The court also declined to exercise supplemental jurisdiction over McCray's state-law claims. On appeal, McCray challenges these rulings and contends that defendants' failure also violated a 1985 consent decree. We conclude that the district court erred in granting a Rule 12(b)(6) dismissal of McCray's Eighth Amendment claims seeking damages for the denial of physical exercise; and as those claims are to be reinstated, we also reinstate McCray's state-law claims. In all other respects, we affirm.

## I. BACKGROUND

The second amended complaint in this action (hereinafter "Complaint" or "SAC") alleged the following facts, which must be taken as true for purposes of considering a dismissal pursuant to Rule 12(b)(6).

A. *The Events*

During part of 2013-2014, McCray was incarcerated at Green Haven Correctional Facility ("Green Haven") in Stormville, New York. During that period, defendant William Lee was Green Haven's Superintendent and was responsible for operations, management, policymaking, and correctional officer supervision; defendant William Plimley, who served as Facility Watch Commander, was an agent of Lee and was responsible for implementing policies adopted by Lee. (*See* SAC ¶¶ 2, 4.) Defendant Sergeant Kutz was an agent of Lee; his duties included inspection of the outdoor exercise yard available to McCray, and supervision of McCray's physical activity. (*See id*. ¶ 12.)

1. *The Denial of Physical Exercise*

For part of the winter of 2013-2014 ("Winter of 2014" or "Winter"), McCray was on "keeplock" status. In that status, he was allowed out of his cell each day for one hour of exercise. Green Haven had several outdoor exercise yards and one indoor gymnasium. McCray was permitted to exercise only in an outdoor yard; access to the indoor gymnasium, which was sometimes used for special events, was restricted to inmates in other categories. (*See* SAC ¶¶ 8, 9.)

In the Winter of 2014, Lee's policy was not to have snow and ice removed from any outdoor exercise yard. Rather, the snow and ice were allowed to accumulate in each yard, to remain there until the arrival of sufficiently warm weather to melt the snow and ice away. During the winter months, any natural melting that occurred refroze into slippery ice overnight, and the yard remained uncleared. (*See id*. ¶¶ 6, 10.)

In that Winter, Lee closed one or more outdoor recreational yards. Given that Green Haven's prisoner population was at the facility's maximum capacity, the closures and the snow-and-ice accumulations created overcrowding in the open yards, blocked access to the yards' exercise equipment, and prevented McCray from moving sufficiently freely to be able to exercise. (*See id*. ¶¶ 6, 9.) These impediments to exercise persisted for four months. (*See id*. ¶ 11.)

Defendants Lee and Plimley were aware of these circumstances. The conditions (a) were "easily visible from the facility's long hallways," and (b) were the subject of inmate grievances and complaints. (SAC ¶ 7.)

2. *McCray's Slip and Fall*

By February 20, 2014, all of the recreational yards at Green Haven were

covered with uncleared snow and ice; in more than 75 percent of the areas, accumulated snow and ice were waist-high. On that day, Sergeant Kutz inspected the G and H block yard and ordered McCray and other inmates to enter for exercise, despite those conditions. While attempting to avoid a large sheet of ice, McCray stepped into a snowbank and slipped on concealed ice, permanently injuring his ankle and shoulder. (*See* SAC ¶¶ 10, 12-14, 17.)

B. *Dismissal of the Present Action*

McCray commenced the present action in 2016, by which time he had been moved to a different correctional facility. The Complaint--filed after various proceedings addressing his original and his first amended pleadings--alleged that the refusal of defendants at Green Haven to have snow and ice removed from the only exercise areas available to McCray had deprived him, for four months, of his Eighth Amendment right to exercise, and had caused his slip-and-fall accident by denying him a "hazard free environment" as required by the Eighth Amendment and state law (SAC ¶ 18). McCray requested declaratory and injunctive relief, as well as compensatory, punitive, and future damages.

Defendants moved to dismiss the Complaint principally pursuant to Fed.

7

R. Civ. P. 12(b)(6). They argued that the Complaint failed to state a claim under the Eighth Amendment; that they were entitled to qualified immunity on the ground that no such Eighth Amendment rights had been clearly established; that McCray's requests for injunctive relief were moot because he was no longer at Green Haven; and that, absent any viable Eighth Amendment claim, the court lacked jurisdiction over McCray's state-law claims.

In an Opinion and Order reported in *McCray v. Lee*, No. 16-CV-1730, 2018 WL 1620976 (S.D.N.Y. March 29, 2018) ("*McCray I*"), the district court granted defendants' motions. It held, first, that the Complaint failed to state a claim under the Eighth Amendment with respect to McCray's slip-and-fall accident. The court noted that slip-and-fall claims are seldom viewed as having constitutional dimension, *see*, *e.g.*, *id*. at *7, and it rejected McCray's argument that Kutz's ordering McCray onto the slippery yard constituted an "exceptional circumstance" that rose to the level of a constitutional violation, reasoning (1) that "conditions such as winter snow and ice 'constitute a daily risk faced by members of the public at large,'" *id*. at *8 (quoting *Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir. 2004)); (2) that McCray was not ordered to walk on ice but was ordered simply to proceed into the yard, *see McCray I*, 2018 WL 1620976, at *8; and (3) that

[t]he allegations in the SAC are insufficient to allege plausibly that any Defendant acted with a sufficiently culpable state of mind because Plaintiff has, at most, alleged that Defendants were negligent, not that any [D]efendant obdurately and wantonly refused to remedy a specific risk to [P]laintiff,

*id*. at *9 (internal quotation marks omitted).

Turning to McCray's Eighth Amendment denial-of-exercise claims, the court viewed McCray as requesting only injunctive relief, *see McCray I*, 2018 WL 1620976, at *10 n.11, and it held that his claims were moot because he was no longer housed at Green Haven, *see id*. at *10. The court held that to the extent that McCray requested damages for denial of exercise, he failed to allege a viable Eighth Amendment claim, stating as follows:

If Plaintiff in fact seeks damages for an Eighth Amendment claim for restricted access to exercise separate from his slip and fall injuries, . . . his allegations are insufficient to state a claim. "*[T]emporary* limitations on access to exercise, without full denial of opportunities, do[] not violate the Eighth Amendment." *Burns v. Martuscello*, No. 13-CV-486, 2015 WL 541293, at *12 (N.D.N.Y. Feb. 10, 2015). Defendants' choice to *temporarily restrict access* to some of the recreation yards *due to the presence of ice*, is not "based on a culpable state of mind or deliberate indifference to [Plaintiff's] health or safety, but the *legitimate penological interest of waiting until the yard was cleared of ice and snow so that it would be safe for inmates to use*." *Id*.

*McCray I*, 2018 WL 1620976, at *10 n.11 (emphases ours). The court continued:

"*[A]n occasional day without exercise when weather conditions preclude outdoor activity [is not] cruel and unusual punishment.* With *outdoor recreation space provided and opportunity for its daily use assured*, the absence of *additional* exercise space indoors and of recreational equipment for use in the outdoor space is not a denial of constitutional rights."  . . . .  And, . . . Plaintiff made use of outdoor recreation options . . . .

*Id*. (quoting *Anderson v. Coughlin*, 757 F.2d 33, 36 (2d Cir. 1985) (emphases ours)).

The court also concluded that if McCray had sufficiently pleaded a claim under the Eighth Amendment, defendants would be entitled to qualified immunity. It stated that "a prisoner[']s constitutional right against a failure to remedy naturally accumulating ice or snow during winter months has not been clearly established by either the Supreme Court or the Second Circuit." *Id*. at *10.

Having dismissed McCray's federal claims, the court declined to exercise supplemental jurisdiction over his state-law claims. *See id*. at *11.

McCray timely appealed and filed his appellate brief *pro se*. During the appeal, he moved for appointment of counsel. The motion was granted to the extent that counsel was to brief the Eighth Amendment issues; but, for various reasons, McCray declined the appointment. Following defendants' filing their brief, this Court appointed counsel to present Eighth Amendment positions on behalf of McCray as *amicus curiae*.

## II. DISCUSSION

On appeal, McCray contends that the district court should have denied defendants' motion to dismiss in its entirety. He argues principally that the Eighth Amendment (a) protects a prisoner's right to meaningful physical exercise, and (b) requires the state to maintain conditions that do not jeopardize a prisoner's health or safety.

In ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) ("*Twombly*")). While the court is not required to accept as true allegations that are wholly conclusory, *see*, *e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) ("*Iqbal*"), the Federal Rules of Civil Procedure provide that the complaint should contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2). Thus, "the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (quoting *Twombly*, 550 U.S. at 555 (other internal quotation marks omitted)). Allegations of facts that would show "that a risk was obvious or otherwise must have

been known" can be sufficient. *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013) ("*Walker*") (internal quotation marks omitted).

A complaint filed by a plaintiff *pro se* is to be construed "liberally to raise the strongest arguments [it] suggest[s]." *Id*. at 124 (internal quotation marks omitted); *see, e.g., Erickson*, 551 U.S. at 94. To avoid dismissal pursuant to Rule 12(b)(6), it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," *i.e.*, sufficient factual content to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).

Given these principles, we conclude that the Complaint states cognizable Eighth Amendment claims for damages with regard to the denial of physical exercise.

A. *The Eighth Amendment Claims for Denial of Physical Exercise*

We begin by noting that the district court properly dismissed as moot McCray's requests for injunctive or declaratory relief against officials at Green Haven. The Complaint itself showed that McCray had been moved to a different correctional facility. An inmate's transfer from a prison facility moots his claims for declaratory or injunctive relief against officials of the transferring facility. *See, e.g., Salahuddin v.*

12

*Goord*, 467 F.3d 263, 272 (2d Cir. 2006). However, the transfer does not moot his claim for damages, *id.*; and contrary to the district court's view, McCray's Complaint alleged viable damages claims for the denial of physical exercise.

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. To state an Eighth Amendment claim against a prison official based on conditions of confinement,

> an inmate must allege that: (1) objectively, the deprivation the inmate suffered was "sufficiently serious that he was denied the minimal civilized measure of life's necessities," and (2) subjectively, the defendant official acted with "a sufficiently culpable state of mind . . . , such as deliberate indifference to inmate health or safety."

*Walker*, 717 F.3d at 125 (quoting *Gaston v. Coughlin*, 249 F.3d 156, 164 (2d Cir. 2001));

*see Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

> Conditions of confinement inflict cruel and unusual punishment when they result "in unquestioned and serious deprivations of basic human needs" or "deprive inmates of the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981). . . . *Courts have recognized that some opportunity for exercise must be afforded to prisoners.*

*Anderson v. Coughlin*, 757 F.2d 33, 34-35 (2d Cir. 1985) (emphasis added) (citing *Ruiz v. Estelle*, 679 F.2d 1115, 1151-52 (5th Cir.), *modified on other grounds*, 688 F.2d 266 (5th

13

Cir. 1982), *cert. denied*, 460 U.S. 1042 (1983); *Newman v. Alabama*, 559 F.2d 283, 291 (5th Cir. 1977), *rev'd in part on other grounds sub nom. Alabama v. Pugh*, 438 U.S. 781 (1978)); *see also Jolly v. Coughlin*, 76 F.3d 468, 480-81 (2d Cir. 1996) (affirming preliminary injunction requiring prison officials to allow plaintiff inmate, after prolonged confinement to his cell with little exercise, a meaningful opportunity for physical exercise); *Williams v. Greifinger*, 97 F.3d 699, 703-04 (2d Cir. 1996) ("*Williams*") (in this Circuit a prisoner's Eighth Amendment right to "receive some opportunity for exercise" is "settled"). Although deprivations of physical exercise for short periods will not rise to constitutional dimension, Eighth Amendment claims for periods far shorter than the four months for which McCray alleged he was deprived have been held viable. *See*, *e.g.*, *Antonelli v. Sheahan*, 81 F.3d 1422, 1432 (7th Cir. 1996) (reversing dismissal of complaint for seven-week deprivation); *Lopez v. Smith*, 203 F.3d 1122, 1132-33 (9th Cir. 2000) (en banc) (reversing summary judgment dismissal of a claim for six-and-one-half-week deprivation).

The Complaint alleged that McCray had been deprived of any meaningful opportunity for physical exercise for four months because of the policy adopted by Lee, and administered by Plimley, of declining to have any snow or ice cleared from any Green Haven outdoor exercise yard in the entire Winter of 2014.

14

Without suggesting that McCray's monetary requests were limited to his slip-and-fall claims, the Complaint requested compensatory damages of $550,000 and $425,000 from Lee and Plimley, respectively, and punitive damages of $2 million from Lee. (*See* SAC ¶ "V. Relief.") We thus cannot agree with the district court's view that McCray requested only equitable relief for his Eighth Amendment claims of denial of physical exercise.

Nor do we agree with the district court's suggestion that the Complaint alleged merely a "temporar[y] restrict[ion of] access," *McCray I*, 2018 WL 1620976, at *10 n.11, to snow- and ice-covered yards. While the denial of access to meaningful physical exercise ended when warm weather allowed the snow and ice to melt fully and not refreeze, the Complaint did not allege that defendants merely imposed temporary restrictions. It alleged that one or more yards were entirely closed down for the Winter of 2014, and that Lee adopted a policy, followed by Plimley, to allow the exercise yards to accumulate snow and ice, without clearing any of it away, for the entire Winter. The Complaint does not suggest that there was any penological reason, in disregard of the rights of inmates for a meaningful opportunity for physical exercise, to refuse to have the yards cleared of ice and snow for an entire third of a year.

15

Further, having characterized the actions of Lee and Plimley as merely "temporarily restrict[ing exercise yard] access" and noting that "there is no constitutional right to indoor exercise," the court stated that "Plaintiff made use of outdoor recreation options." *Id*. This characterization of McCray's acts did not accept the factual allegations of the Complaint as true. And to the extent that the court may have zeroed in solely on the principle that it does not violate Eighth Amendment rights to have "'an occasional day without exercise,'" *id*. (quoting *Anderson v. Coughlin*, 757 F.2d at 36), that fragment of language cannot safely be unbundled from the stated hypothesis that informed it. In *Anderson v. Coughlin*, we made those observations that the lack of "indoor" exercise and the "occasional day without exercise" do not give rise to a constitutional claim where "outdoor recreation space [is] provided[,] *and opportunity for its daily use [is] assured*." 757 F.2d at 36 (emphasis added). We stated that "the absence of *additional* exercise space indoors . . . is not a denial of constitutional rights." *Id*. (emphasis added). Any assumption that defendants here assured the opportunity for meaningful daily outdoor exercise in the Winter of 2014 is squarely contradicted by McCray's Complaint, which alleged that with the overcrowding, the closure of one or more of the yards, and the shrinking space within the yards because of defendants' refusal to have ice and snow cleared away, leaving

16

more than 75 percent of yard space with snow and ice at waist height, McCray in fact did not have room to exercise and was denied any meaningful exercise opportunity for four months. (*See, e.g.*, SAC ¶¶ 6, 9-11.)

Defendants argue that these allegations in the Complaint should be discredited because McCray made "admissions" in his earlier pleadings that Green Haven employed inmates to clear snow and ice from walkways. (*E.g.*, Defendants' brief on appeal "in Response to Amicus Curiae" at 5.) However, even if plaintiff's statements in an earlier complaint are determined to be inconsistent with allegations in the superseding complaint, if not repeated they are not part of the operative complaint. Though the prior statements may be admissible against the plaintiff in later stages of the proceedings as admissions, consideration of a motion under Rule 12(b)(6) is limited to the contents of the operative complaint and documents attached to it or incorporated into it by reference. *See, e.g., Dangler v. New York City Off Track Betting Corp.*, 193 F.3d 130, 138 (2d Cir. 1999); *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002). We decline defendants' invitation to affirm a Rule 12(b)(6) dismissal on the basis of matters beyond the operative complaint and documents deemed part of it.

The district court also found that the Complaint failed to allege that

defendants had a "sufficiently culpable state of mind," stating that its allegation of "deliberate indifference" was a "conclusory legal allegation[]." *McCray I*, 2018 WL 1620976, at *9 (internal quotation marks omitted). However, the Complaint included allegations that the impassible conditions in the yards were visible through windows at the ends of hallways and that Lee and Plimley received grievances and complaints from inmates about those conditions. In addition, given the Complaint's allegation that the prisoner population at Green Haven was at the maximum for the facility, it permits a reasonable inference that Lee and Plimley must have known that their closing of one or more yards was causing overcrowding in the yards that remained open, even as the accumulating snow and ice, which they refused to have cleared, was constricting that space. These allegations are ample to give Lee and Plimley fair notice as to the nature of McCray's claims and the basis for his assertion that their adamant refusal to have any yards cleared of snow and ice for the entire Winter resulted from their deliberate indifference to inmates' constitutional rights to a meaningful opportunity for physical exercise.

Finally, we disagree with the district court's alternative ruling that even if the Complaint stated a cause of action for denial of a meaningful opportunity for physical exercise in violation of the Eighth Amendment, defendants would be entitled

18

to dismissal on the ground of qualified immunity.  Qualified immunity shields officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *see generally Tellier v. Fields*, 280 F.3d 69, 84 (2d Cir. 2000) (such clarity may be established by decisions of the Supreme Court or of the appropriate circuit).

The operation of the "clearly established" standard "depends substantially upon the level of generality at which the relevant 'legal rule' is to be identified."  *Anderson v. Creighton*, 483 U.S. 635, 639 (1987).  To deny qualified immunity, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Id*. at 640.  But this does "not" mean that the official enjoys immunity "unless the very action in question has previously been held unlawful." *Id*.

In this Circuit the rights of prisoners to a meaningful opportunity for physical exercise had been clearly established nearly three decades before the events of which McCray complains:

> In 1985, in *Anderson v. Coughlin*, . . . we described the right to exercise in unequivocal terms, stating that "[c]ourts have recognized that some opportunity for exercise *must* be afforded to

19

prisoners." 757 F.2d 33, 35 (2d Cir. 1985) . . . .

*Williams*, 97 F.3d at 704 (emphasis in *Williams*); *see, e.g., Paul v. LaValley*, 712 F. App'x 78, 79 (2d Cir. 2018) ("we have held that this right" of prisoners to have "some opportunity for exercise . . . was clearly established for qualified immunity purposes by no later than 1985" (internal quotation marks omitted)).

In *McCray I*, the court acknowledged that *Anderson v. Coughlin* is the law in the Circuit. However, the district court defined the right to a meaningful opportunity for physical exercise at an unduly narrow level of specificity, stating that defendants here would be entitled to qualified immunity "because there is no clearly established constitutional right to a prison yard without naturally accumulating ice or snow during winter months." *McCray I*, 2018 WL 1620976, at *10. But the right to a meaningful opportunity for physical exercise is not confined to a particular season; although not constant, the right is ongoing. The right need not be described with specific references to the weather or characteristics of the seasons of the year in order for a reasonable prison official to understand that climatic features may necessitate responsive measures to ensure that the right to a meaningful opportunity for physical exercise not be denied.

In sum, we conclude that McCray's Eighth Amendment damages claims

for denial of physical exercise, at least as against Lee and Plimley, should not have been dismissed. Because it is unclear from the Complaint whether McCray intended to assert his denial-of-exercise claim also against Kutz, that issue should be explored further by the district court on remand, including through a potential request that McCray, in order to avoid entry of a Rule 12(b)(6) dismissal of that claim as to Kutz, amend the Complaint to state facts showing the plausibility of such a claim against Kutz.

In light of the reinstatement of the Eighth Amendment denial-of-exercise claims, we also vacate the district court's decision to decline supplemental jurisdiction over McCray's state-law claims. Those claims are reinstated against all defendants.

B. *The Slip-and-Fall Claims*

We affirm the dismissal of so much of the Complaint as seeks relief on the basis that the combination of the slippery conditions in the recreation yards and Kutz's order that McCray go into the yard on February 20, 2014, violated McCray's rights under the Eighth Amendment. When a prisoner asserts a claim predicated on an unsafe condition, the court must determine "whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of

21

decency to expose *anyone* unwillingly to such a risk." *Helling v. McKinney*, 509 U.S. 25, 36 (1993) (emphasis in original). "In other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate." *Id*. As the district court noted, McCray's Complaint did not make any claims of exceptional circumstances that would elevate the Green Haven yard conditions beyond the typical level of danger presented by a slippery sidewalk or a wet floor. We affirm the dismissal of these claims substantially for the reasons stated by the court in *McCray I*.

C. *Other Matters*

On appeal, McCray has contended that defendants' refusal to have Green Haven's recreational yards cleared of snow and ice in the Winter of 2014 also violated the terms of a consent decree entered in 1985. In connection with this contention, he has filed several motions in this Court: a motion to enforce the decree and hold defendants in contempt for nonperformance, a motion for judicial notice of a Supreme Court ruling as to a possible defense against such a motion for contempt, a motion for leave to reply to defendants' opposition to his motion for judicial notice, and a motion for a writ of sequestration.

The contention that defendants have failed to comply with a consent

decree is not pleaded in the Complaint and was not raised in the district court. It is not properly before us, and we decline to address it. McCray's motions, to the extent not previously ruled on, are denied.

CONCLUSION

We have considered all of the parties' arguments in support of their respective positions on this appeal and have found them to be without merit except to the extent indicated above. For the reasons stated above, the judgment of the district court is vacated insofar as it (a) dismissed McCray's claims seeking damages under the Eighth Amendment for denial of a meaningful opportunity for physical exercise, and (b) declined to exercise supplemental jurisdiction over McCray's state-law claims. The judgment is affirmed to the extent that it dismissed claims for declaratory and injunctive relief and claims under the Eighth Amendment for McCray's slip-and-fall injury. The matter is remanded for further proceedings not inconsistent with this opinion.