21-3033-cv
*Leggett v. Oneida Cnty. Corr. Facility*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of October, two thousand twenty-two.

PRESENT:
> SUSAN L. CARNEY,
> JOSEPH F. BIANCO,
> MYRNA PÉREZ,
> *Circuit Judges.*

---

Michael Leggett,

> *Plaintiff-Appellant*,

v.                                                            21-3033-cv

Oneida County Correctional Facility, Jonathan Wigderson, D.O. Orthopedic Surgeon, Oneida County Correctional Facility,

> *Defendants-Appellees*.

---

FOR PLAINTIFF-APPELLANT:              Michael Leggett, *pro se*, Utica, NY.

FOR DEFENDANTS-APPELLEES:              Kenneth L. Bobrow, Felt Evans, LLP, Clinton, NY.

Appeal from an order of the United States District Court for the Northern District of New York (Hurd, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Appellant Michael Leggett, proceeding *pro se* and incarcerated at the time of these events, appeals the district court's *sua sponte* dismissal of his claims, pursuant to 42 U.S.C. § 1983, against Oneida County Correctional Facility (the "Oneida Facility") and physician Jonathan Wigderson ("Dr. Wigderson") for failure to state a claim. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Leggett alleged Eighth Amendment violations based on his conditions of confinement and inadequate medical care. In particular, Leggett asserted that he slipped and fell due to water spilling from a broken, leaky sink at the Oneida Facility, resulting in a fracture in his left knee. Leggett further alleged the medical care for his fractured knee was inadequate because he was given only a brace for the knee, without surgical intervention. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm.[1]

*Sua sponte* dismissals for failure to state a claim are reviewed *de novo*. *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004). We accept as true all well-pleaded factual allegations in the complaint and draw all reasonable inferences in Leggett's favor, assessing

---

[1]  As a threshold matter, we note that, although the district court's dismissal was in part without prejudice and Leggett was granted leave to amend, he chose to appeal rather than amend his complaint. The deadline to amend has now expired, and judgment has been entered by operation of law. *See* Fed. R. Civ. P. 58(c)(2)(B); Fed. R. App. P. 4(a)(7)(A)(ii). Accordingly, we have appellate jurisdiction to review the dismissal order under 28 U.S.C. § 1291. *See Slayton v. Am. Exp. Co.*, 460 F.3d 215, 224 & n.7 (2d Cir. 2006).

whether the complaint "state[s] a claim to relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Moreover, although we construe *pro se* submissions "liberally . . . to raise the strongest arguments that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (emphasis and internal quotation marks omitted), a *pro se* complaint must nevertheless contain "factual allegations sufficient to meet the plausibility requirement," *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011).

The district court properly dismissed the claims against Oneida County (the "County").[2] Municipalities are liable under Section 1983 only if the challenged conduct was pursuant to a municipal policy or custom. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692–94 (1978); *Patterson v. County of Oneida*, 375 F.3d 206, 226 (2d Cir. 2004). The complaint does not contain any facts that could support a reasonable inference that the alleged wrongdoing, whether relating to his conditions of confinement or his medical treatment, occurred pursuant to a policy or custom of the County or its correctional facility. Accordingly, the complaint failed to state a plausible *Monell* claim against the County. *See* 436 U.S. at 691 ("[A] municipality cannot be held liable *solely* because it employs a tortfeasor . . . .").

Additionally, the complaint failed to state a plausible claim against an individual defendant. With respect to the conditions of confinement claim, the complaint did not name an individual at the Oneida Facility who might have been personally involved in creating or failing to remediate the allegedly unsafe condition—namely, the wet floor caused by a leaking sink. *See Brandon v.*

---

[2] Leggett does not challenge the district court's determination that the County, rather than the Oneida Facility, was the proper defendant because the Oneida Facility lacks the capacity to be sued as an administrative arm of the County with no legal identity separate and apart from the County.

*Kinter*, 938 F.3d 21, 36 (2d Cir. 2019) (requiring "personal involvement of defendants" under Section 1983). In any event, the complaint fails to contain any facts that plausibly show that the condition was objectively an "unquestioned and serious deprivation[] of basic human needs," the first requirement for this type of Eighth Amendment claim. *Jolly v. Coughlin*, 76 F.3d 468, 480 (2d Cir. 1996); *see also McCray v. Lee*, 963 F.3d 110, 120 (2d Cir. 2020) (holding that slippery conditions in a recreation yard were not a grave and intolerable risk under the Eighth Amendment). In addition, the complaint lacks any allegations that could establish the requisite subjective intent—deliberate indifference—on the part of any individual responsible for the allegedly unsafe condition. *See Hayes v. N.Y.C. Dep't of Corr.*, 84 F.3d 614, 620 (2d Cir. 1996). Instead, at most, the allegations suggest negligence, which is insufficient to give rise to an Eighth Amendment conditions of confinement claim. *See Edwards v. Quiros*, 986 F.3d 187, 192 (2d Cir. 2021).

As to the Eighth Amendment claim against Dr. Wigderson alleging inadequate medical care, the complaint fails to describe how Dr. Wigderson was personally involved in the treatment of Leggett's knee, as is required to survive a motion to dismiss. *See Brandon*, 938 F.3d at 36. Moreover, even assuming *arguendo* that Dr. Wigderson treated Leggett's knee condition, the complaint fails to adequately allege the requisite "deliberate indifference to his serious medical needs." *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998). In fact, according to the complaint, Leggett received x-rays and eventually a brace for stabilization. Thus, the allegations in the complaint reflect a disagreement—or perhaps an assertion of negligence—as to the proper course of treatment for his injury, but neither "mere disagreement over the proper treatment" nor negligence establishes an Eighth Amendment violation for alleged inadequate medical care. *Id.* at 703. Therefore, the district court properly dismissed the claim against Dr. Wigderson.

4

We have considered Leggett's remaining arguments and find them to be without merit.[3]

Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[3] To the extent Leggett includes new allegations in his appellate brief and attaches several documents that were not presented to the district court, we conclude that there are no extraordinary circumstances that would warrant consideration of such allegations and documents for the first time on appeal. *See Munn v. Hotchkiss Sch.*, 795 F.3d 324, 330 (2d Cir. 2015); *Int'l Bus. Machs. Corp. v. Edelstein*, 526 F.2d 37, 45 (2d Cir. 1975) (per curiam).