09-2366-cv
Zaleski v. Burns

**UNITED STATES COURT OF APPEALS**

**FOR THE SECOND CIRCUIT**

August Term, 2009

(Argued: May 10, 2010          Decided: May 27, 2010)

Docket No. 09-2366-cv

- - - - - - - - - - - - - - - - - - - - - - -x

ALAN ZALESKI,

                    Plaintiff-Appellant,

          - v.-

ELLEN BREE BURNS et al.,

                    Defendants-Appellees.

- - - - - - - - - - - - - - - - - - - - - - -x


     Before:          JACOBS, Chief Judge, WINTER and
                      McLAUGHLIN, Circuit Judges.

     Alan Zaleski, pro se, appeals from an April 27, 2009

order of the United States District Court for the Southern

District of New York (Sand, J.), dismissing his complaint

pursuant to 28 U.S.C. § 1915(e)(2)(B).  Zaleski, a felon

convicted in Connecticut federal district court, requests

that his allegations--that there is a conspiracy to deny

criminal defendants their constitutional rights--be

presented to a grand jury pursuant to 18 U.S.C. § 3332(a); and asserts related claims under 18 U.S.C. § 1964 and 42 U.S.C. § 1985(2). **AFFIRMED.**

Alan Zaleski, pro se, New Britain, CT, Appellant.

Michael J. Byars, Assistant United States Attorney, for Preet Bharara, United States Attorney for the Southern District of New York, New York, NY, for Appellees.

PER CURIAM:

Alan Zaleski, pro se, appeals from an April 27, 2009 order of the United States District Court for the Southern District of New York (Sand, J.), dismissing his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Zaleski, a felon convicted in Connecticut federal district court, requests that his allegations--that there is a conspiracy to deny criminal defendants their constitutional rights--be presented to a grand jury pursuant to 18 U.S.C. § 3332(a); and asserts related claims under 18 U.S.C. § 1964 and 42 U.S.C. § 1985(2). We review the district court's order de novo. See, e.g., Giano v. Goord, 250 F.3d 146, 149-50 (2d Cir. 2001).

Zaleski alleges the existence of a vast, ramified

2

conspiracy to deny criminal defendants their constitutional rights. Members of this conspiracy include the employees of the United States Department of Justice, the judges of the federal judiciary, the last four Presidents of the United States, and Edgar Bronfman, Sr. To protect the "United States alcohol industry" from the competitive threat of illegal narcotics, these conspirators have concertedly denied criminal defendants (including Zaleski) their constitutional rights pursuant to a secret directive issued in 1989 by President George H.W. Bush, friend of "alcohol industry" magnate Edgar Bronfman, Sr.

Zaleski primarily seeks through this lawsuit to present these allegations to a grand jury pursuant to 18 U.S.C. § 3332(a), which provides, in relevant part:

> [A]lleged offenses may be brought to the attention of the grand jury by . . . any attorney appearing on behalf of the United States for the presentation of evidence. Any such attorney receiving information concerning such an alleged offense from any other person shall, if requested by such other person, inform the grand jury of such alleged offense, the identity of such other person, and such attorney's action or recommendation.

18 U.S.C. § 3332(a). Zaleski "seeks access to the federal grand jury in Manhattan pursuant to [1]8 U.S.C. § 3332(a) in order to be able to present his evidence." It is not

3

entirely clear from his complaint what form of judicial remedy he means to request. But whatever it may be, he must first demonstrate standing to invoke the power of the federal courts. See, e.g., Warth v. Seldin, 422 U.S. 490, 498 (1975) (standing is a federal jurisdictional question "determining the power of the court to entertain the suit").

This he has not done. Zaleski does not allege that he ever requested that the Southern District U.S. Attorney's Office present his information to a grand jury; failure to make such a request would be fatal to his claim of standing. But even had he done so, it is not clear based on the facts available to us that he would have standing. Without more, the denial of his § 3332(a) right is insufficient. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 578 (1992) (though "the injury required by Art. III may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing," the cases applying that principle have "involved Congress' elevating to the status of legally cognizable injuries concrete, de facto injuries that were previously inadequate in law" (ellipsis and internal quotation marks omitted)); Sargeant v. Dixon, 130 F.3d 1067, 1070 (D.C. Cir. 1997) ("The receipt of information is a

4

tangible benefit the denial of which constitutes an injury, whereas the giving of information is at most of indirect benefit to the giver."). And though Zaleski alleges that he is himself a victim of the alleged conspiracy--two motions he filed were denied by the United States District Court for the District of Connecticut--an indictment of the alleged conspirators will not likely redress his asserted injury. See Sargeant, 130 F.3d at 1069 ("Insofar as [the criminal defendant] has a legally cognizable interest in collaterally attacking his conviction by convincing a grand jury to indict the federal officers who, he alleges, wrongfully prosecuted him," it is "too speculative" that the interest will be "vindicat[ed]" by a favorable decision.).

Nor does Zaleski have standing to assert his declaratory and equitable claims under 18 U.S.C. § 1964 and 42 U.S.C. § 1985(2). Each claim suffers from one or another (or both) of two defects: His very general allegations fail to allege any particularized injury that is "fairly traceable" to conduct by any of the named defendants,[1] Allen

---

[1] Although Zaleski sued every judge then of this Court, each of whom would ordinarily be disqualified from hearing this appeal, the "rule of necessity" applies. See Tapia-Ortiz v. Winter, 185 F.3d 8, 10 (2d Cir. 1999) (holding that a panel of three judges, all of whom were

5

v. Wright, 468 U.S. 737, 751 (1984); and he fails to request any relief likely to redress the injury asserted--he seeks only declarations and that this suit be allowed to proceed (a sort of invalid bid for anticipatory in banc mandamus unknown to our rules), see id.

We have considered all of Zaleski's remaining arguments, and find them to be without merit. For the foregoing reasons, the district court's judgment is hereby **AFFIRMED**.

---

named in the suit at issue, could hear and resolve the appeal because it was "impossible . . . to convene a three-member panel consisting of circuit judges that are not a party to this suit").