*Brennan v. DOJ*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of May, two thousand nineteen.

PRESENT:    JOHN M. WALKER, JR.,
            JOSÉ A. CABRANES,
            PETER W. HALL,
                    *Circuit Judges.*

---

KEVIN P. BRENNAN,

        *Plaintiff-Appellant*,                    18-2569

        v.

UNITED STATES DEPARTMENT OF JUSTICE, UNITED STATES SECURITIES AND EXCHANGE COMMISSION, FEDERAL BUREAU OF INVESTIGATION,

        *Defendants-Appellees*.

---

**FOR PLAINTIFF-APPELLANT:**          Kevin Brennan, *pro se*, Pittsburgh, PA.

**FOR DEFENDANTS-APPELLEES:**         Benjamin H. Torrance, Chief Appellate Attorney, *for* Geoffrey S. Berman, United States Attorney, Southern District of New York, New York, NY.

Appeal from June 28, 2018 judgment of the United States District Court for the Southern District of New York (Colleen McMahon, *Chief Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court be and hereby is **AFFIRMED**.

Plaintiff-Appellant Kevin P. Brennan ("Brennan") appeals the District Court's dismissal of his complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). Brennan sued the United States Department of Justice ("DOJ"), United States Securities and Exchange Commission ("SEC"), and Federal Bureau of Investigation ("FBI") for allegedly violating his constitutional rights in connection with his conviction for securities fraud. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's *sua sponte* dismissal of a complaint pursuant to § 1915(e)(2) *de novo. See Zaleski v. Burns*, 606 F.3d 51, 52 (2d Cir. 2010) (per curiam). Under § 1915(e)(2), a district court must dismiss a complaint filed *in forma pauperis* if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). We afford a pro se litigant "special solicitude" by interpreting the pro se complaint "to raise the strongest claims that it suggests." *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (internal alterations and quotation marks omitted).

Brennan argues that the District Court erred in holding that the DOJ, SEC, and FBI were immune from suit. The District Court correctly held that the doctrine of sovereign immunity bars lawsuits for damages against federal agencies, unless immunity is waived. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). To the extent that Brennan intends to argue that this immunity is waived under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–80, Brennan failed to allege that he satisfied the preconditions necessary for such waiver, including filing "an administrative claim with the appropriate federal agency before suing for relief in federal court." *Adeleke v. United States*, 355 F.3d 144, 153 (2d Cir. 2004). Additionally, to the extent that Brennan intends to bring claims under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), such claims cannot be brought against federal agencies. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994). Accordingly, the District Court did not err in finding that the DOJ, SEC, and FBI were immune from Brennan's lawsuit and dismissing the complaint.

### CONCLUSION

We have reviewed all of the arguments raised by Brennan on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the June 28, 2018 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

2