Gordon v. Suffolk County

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of February, two thousand twenty.

PRESENT:
> PIERRE N. LEVAL,
> REENA RAGGI,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges.*

---

James E. Gordon,

> *Plaintiff-Appellant*,

> v.                                                        19-353

Suffolk County, Sergeant Thornton,
Suffolk County Police Department,

> *Defendants-Appellees.*

---

FOR PLAINTIFF-APPELLANT:          James E. Gordon, *pro se*
                                  Islip Terrace, NY.

FOR DEFENDANTS-APPELLEES:         No appearance.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Azrack, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court entered on January 28, 2019 is **AFFIRMED**.

*Pro se* Plaintiff James Gordon sued Suffolk County, the Suffolk County Police Department ("SCPD"), and Sergeant Thornton under 42 U.S.C. § 1983 for the alleged withholding of his firearms pending Gordon's receipt of a satisfactory medical evaluation. Gordon attached to his complaint correspondence with the Police Commissioner, the County Executive, and the SCPD property section, in which Gordon referred to having uncovered conspiracies in Suffolk County, the tapping of his telephone, and being threatened. The district court *sua sponte* dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)–(ii) for failure to state a cognizable claim against any defendant, and concluded that the defects could not be cured by amendment. Gordon appeals and files a motion for "Protection" in this Court. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

This Court reviews *de novo* the *sua sponte* dismissal of a complaint under 28 U.S.C. § 1915(e)(2). *See Zaleski v. Burns*, 606 F.3d 51, 52 (2d Cir. 2010). Under that statute, the district court must dismiss a complaint filed *in forma pauperis* if it determines that the action or appeal "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating that although complaint allegations are assumed to be true, this tenet is "inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, do not suffice"). An action is frivolous if it lacks an arguable basis in law or fact—i.e., where it is "based on an indisputably meritless legal theory" or presents "factual contentions [that] are clearly baseless." *Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011).

At the outset, we note that Gordon's filings in this court make no mention of the district court's decision and offer no identifiable argument as to how the district court may have erred. On *de novo* review, we conclude that the district court did not err in dismissing Gordon's complaint under § 1915(e)(2)(B)(ii) because Gordon pleads no facts indicating that the SCPD unlawfully came into possession of or retains his firearms. Instead, he conclusorily pleads an overarching conspiracy lasting more than 17 years that allegedly resulted in, at some unspecified time, his home being raided, his telephone tapped, his computer hacked, and his tax records removed. Even according these pleadings "special solicitude" and interpreting them to "raise the strongest claims that [they] suggest[]," *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (internal quotation marks and brackets omitted), the allegations are too vague to state any cognizable, timely § 1983 claim. *See Spear v. Town of W. Hartford*, 954 F.2d 63, 68–69 (2d Cir. 1992) (holding that plaintiff must allege specific facts showing that "conduct allegedly causing the deprivation of a federal right [can] be fairly attributable to the State." (internal quotation marks omitted)). Indeed, the district court correctly determined that the few conceivably "well-pleaded" facts in the complaint are fanciful and "clearly baseless," warranting dismissal under § 1915(e)(2)(B)(i). Dist. Ct. Doc. No. 8 at 5.

Nor did the district court err in denying leave to replead. Rather, it correctly concluded that the problems with the pleading were substantive, that better pleading would not cure them and, thus, that repleading would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

3

Insofar as Gordon moves this Court for "Protection" from retaliation for his speaking out about the conspiracy in Suffolk County, his vague allegations do not establish any entitlement to the relief requested.

We have considered the remainder of Gordon's arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of dismissal and **DENY** the motion for protection.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court