*Harte v. City of New York*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of April, two thousand twenty.

Present:  DENNIS JACOBS,
ROSEMARY S. POOLER,
SUSAN L. CARNEY,
*Circuit Judges.*

_____

DANIEL J. HARTE,

*Plaintiff-Appellant*,

v.                                                                              19-2552

CITY OF NEW YORK, BILL DE BLASIO, ELIZABETH GLAZER, TERENCE MONAHAN, THOMAS GALATI, WILLIAM E. GLYNN, TIMOTHY J. SKRETCH, JOHN CHELL, JAMES P. O'NEILL, ROXANNA HOGAN, JOHN MAGLUILO, RICHARD ROES, POLICE OFFICER GABRIELLA ALAMONTE, POLICE OFFICER JOHN WHITE, POLICE OFFICER JANE SABANSKA, POLICE OFFICERS JOHN DOES, EMS TECHNICIANS JOHN DOES, OBUNIKE EDOKWE, M.D., ADRIAN LLEWELLYN, PA, TOXICOLOGIST JOHN DOE, NURSE JANE DOE, SOCIAL WORKER JOHN DOE, DEPUTY COMMISSIONER JOSEPH REZNICK, INTERNAL AFFAIRS JANE PEREZ, DETECTIVE JANE LIND, INTERNAL AFFAIRS JOHN DOES, INVESTIGATOR ROLANDO VASQUEZ, SUPERVISOR JOHN

GIASSANTE, JOHN ALEXANDER, ESQ.,
ALEXIS DUNCAN, ESQ., COURT REPORTER
DANIELLE PAONE-DAILEY, LAURA M.
MIRANDA, ESQ., DAWN M. FLORIO, ESQ.
GLORIA C. KEUM, PETER HOWARD TILEM,
HILLARY M. NAPPI, ESQ. ROBERT M.
SCHECHTER,

*Defendants-Appellees.*

---

Appearing for Appellant:                    Daniel J. Harte, pro se, Brooklyn, N.Y.

Appearing for Appellees:                    No appearance.

Appeal from the United States District Court for the Eastern District of New York (Kuntz, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment be and it hereby is **AFFIRMED**.

Daniel Harte, pro se, sued the City of New York and 36 other defendants, including city officials, hospital workers, and attorneys, under 42 U.S.C. §§ 1983, 1985, and 1986. He alleged that a New York City Police Department ("NYPD") officer falsely arrested him after a bar fight and that an undercover NYPD officer attempted to murder him in a holding cell at the police station. He also alleged that the defendants conspired to cover up this incident and impede his access to justice in connection with a secret government surveillance operation. The district court sua sponte dismissed Harte's section 1985 and 1986 claims as frivolous and for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(i)–(ii), reasoning that, even with the liberal reading afforded to pro se pleadings, the complaint was frivolous and contained no cognizable claims against any defendant. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

This Court reviews de novo a district court's sua sponte dismissal of a complaint under 28 U.S.C. § 1915(e)(2). *Zaleski v. Burns*, 606 F.3d 51, 52 (2d Cir. 2010).

The district court must dismiss a complaint filed in forma pauperis if the court determines that the action or appeal "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint may be dismissed as frivolous when: "(1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks omitted).

The district court did not err in sua sponte dismissing Harte's complaint as frivolous and for failure to state a claim under section 1915(e)(2)(B). Even affording his pleading the "special solicitude" given to pro se complaints, *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006), its allegations failed to state any plausible, nonfrivolous section 1983, 1985, or 1986 claims.

We have considered all of Harte's remaining arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk