Kraft v. City of New York

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of October, two thousand twenty.

PRESENT:
> DENNIS JACOBS,
> PIERRE N. LEVAL,
> JOSEPH F. BIANCO,
> *Circuit Judges.*

---

Warren R. Kraft,

> *Plaintiff-Appellant*,

> v.                                                                                  19-4193

The City of New York, ("CITY") individually and
in their official capacity, John Does, police officers
and non-uniformed and under-cover police officers
of the New York City Police Department, Richard Roes,
Supervisory police officers of the City of New York,
the identity and number of whom is presently unknown,
United States of America, and individually and in their
official capacity, Unknown Federal Law Enforcement
Officers or Agents or Employees, and Unknown Officials
and Employees of the Federal Bureau of Investigation, ("FBI"),
National Security Agency ("NSA"), State of New York,
William Woes, Unknown New York State Law Enforcement
Officers or Agents or Employees, Zeke Zoes, Unknown
Officials and Officer Policy Makers and Supervisory

**Employees Including the Director, Employees of the New York State Intelligence Center ("NYSIC Fusion Center") and New York State Police, Tom Toes, Unknown New York State Homeland Security and Emergency Service and New York State Police,**

*Defendants-Appellees.*\*

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Warren R. Kraft, pro se |
| | Red Bank, NJ. |
| | |
| **FOR DEFENDANTS-APPELLEES:** | No appearance. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Furman, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Warren R. Kraft, *pro se*, sued the City of New York, unknown New York City police officers, federal law enforcement agents, New York State law enforcement officers, the United States, the director and unknown employees of the New York State Intelligence Center, and unknown employees of the New York State Division of Homeland Security and Emergency Services, under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). In his 84-page complaint, Kraft alleged various constitutional violations, including that an undercover confidential informant, at the direction of an unknown law enforcement agency, used excessive force and assaulted him in 2018; that law enforcement officers conspired to conceal that excessive use of force; and that he has been the subject of covert, unconstitutional surveillance by unknown law enforcement agencies—including illegal

---

\* The Clerk of Court is respectfully directed to amend the official caption in this case to conform to the caption above.

wiretapping and 24-hour, nationwide surveillance—since 2014, and that those agencies put a digital marker on him to collect his personal data and harass him. After the assault in 2018, Kraft allegedly sought help from New York City police officers, but when the officers detained the "confidential informant," Kraft informed the officers he would not press charges because, according to Kraft, confidential informants are immune from criminal prosecution. The district court *sua sponte* dismissed the complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i), reasoning that, even under the liberal reading afforded to *pro se* pleadings, the complaint's claims were frivolous and this defect could not be cured by amendment. Kraft appealed. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

This Court reviews *de novo* a district court's *sua sponte* dismissal of a complaint pursuant to 28 U.S.C. § 1915(e)(2). *Zaleski v. Burns*, 606 F.3d 51, 52 (2d Cir. 2010) (per curiam). Under that statute, the district court must dismiss a complaint filed *in forma pauperis* if it determines that the action or appeal "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it lacks an arguable basis in law or fact—*i.e.*, where it is "based on an indisputably meritless legal theory" or presents "factual contentions [that] are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *see Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011). To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (tenet that allegations are assumed to be true is "inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). In addition, "district courts

3

may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee." *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000).

Even according "special solicitude" to Kraft's *pro se* pleading, interpreting it to "raise the strongest claims that it suggests," *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (alterations accepted) (quotation marks omitted), the district court did not err in *sua sponte* dismissing the complaint as frivolous. Kraft alleged that he has been the subject of 24-hour, multi-jurisdictional surveillance by federal "fusion centers" and the New York State Intelligence Center, which put a "digital marker" on him in order to collect his personal data and harass him. *See, e.g.*, Compl. ¶¶ 102-03, 119-120, *Kraft v. City of New York*, No. 19-cv-10286 (S.D.N.Y. Nov. 5, 2019) (Dkt. No. 2). Kraft's assertions that he is the victim of a broad conspiracy perpetrated by various federal and state law enforcement agencies are not plausible. *See Gallop*, 642 F.3d at 368 (holding that dismissal is appropriate when factual allegations are "fanciful, fantastic, or delusional" (quotation marks omitted)); *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (holding that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"). In addition, contrary to Kraft's assertion, the district court had the authority to dismiss the appeal as frivolous despite Kraft paying the filing fee. *See Fitzgerald*, 221 F.3d at 364.

Finally, although a district court should not ordinarily dismiss a *pro se* complaint without granting leave to amend, it may do so when leave to amend would be futile. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Here, the gravamen is Kraft's irrational belief that he was the victim of a broad conspiracy perpetrated by numerous government entities; so better pleading would not cure this defect. *See id.*

4

For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court