Jones v. City of New York

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of February, two thousand twenty-one.

PRESENT:
> JOHN M. WALKER, JR.,
> ROBERT A. KATZMANN,
> RAYMOND J. LOHIER, JR.,
>  *Circuit Judges.*

_____

Kareem Omar Jones,

   *Plaintiff-Appellant*,

  v.               20-1442

The City of New York, New York Police Officer Gelphin Gomez, Shield #04967, New York Police Sergeant Anthony Peters, District Attorney Cyrus Vance, New York County, Angie Godoy, Assistant District Attorney of the County of New York, New York Police John Doe #1, New York Police Officer John Doe #2,

   *Defendants-Appellees*,

Bridget Brennan, Special Assistant District Attorney, Angie Morelli, Assistant District Attorney, Lauren Stoia, Assistant District Attorney, Gene Conway, Attorney, Ricky Ghosh, Attorney, Blaine Fogg, President, Brandon Young, Assistant District Attorney,

   *Defendants*.

_____

FOR PLAINTIFF-APPELLANT:      Kareem Omar Jones, pro se, Sonyea, NY.

FOR DEFENDANTS-APPELLEES:                              No appearances.

Appeal from a judgment of the United States District Court for the Southern District of New York (Stanton, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Kareem Jones, pro se, sued the City of New York, several police officers, the New York County district attorney, and an assistant district attorney. Mr. Jones alleges that the police pulled his car over in a public parking lot with no probable cause, and that subsequent unlawful searches yielded evidence that led to his indictment by a grand jury. Mr. Jones was convicted of criminal possession of a controlled substance and acquitted of several other charges. The relevant conviction was upheld on appeal. *See People v. Jones*, 113 N.Y.S.3d 36 (N.Y. App. Div. 1st Dep't 2019), *leave to appeal denied*, 35 N.Y.3d 942 (2020). In his complaint, Mr. Jones asserts claims for false imprisonment, malicious prosecution, violations of due process and equal protection, municipal liability, and prima facie tort. The district court dismissed Mr. Jones's amended complaint *sua sponte* under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo a district court's *sua sponte* dismissal of a complaint under § 1915(e)(2)(B). *See Zaleski v. Burns*, 606 F.3d 51, 52 (2d Cir. 2010) (per curiam). While a court must construe a pro se complaint liberally and "with special solicitude, . . . to raise the strongest claims that it suggests," *Williams v. Correction Officer Priatno*, 829 F.3d 118, 122 (2d Cir. 2016),[1] it must also dismiss a complaint filed in forma pauperis if it determines that the action "fails to state a claim on which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[1] In quoting cases, we omit internal citations, quotation marks, footnotes, and alterations.

Mr. Jones's appellate brief focuses only on his false arrest and malicious prosecution claims. It contains only passing mentions of his other claims. He has therefore waived any arguments relating to those claims. *See Gerstenbluth v. Credit Suisse Sec. (USA) LLC*, 728 F.3d 139, 142 n.4 (2d Cir. 2013). We thus address only the claims for false imprisonment and malicious prosecution.

## I. False Imprisonment

Mr. Jones's false imprisonment claims are untimely. The statute of limitations for a § 1983 claim of false arrest or false imprisonment begins to run "when the alleged false imprisonment ends." *Wallace v. Kato*, 549 U.S. 384, 389 (2007). A false imprisonment ends when "the victim becomes held pursuant to [legal] process—when, for example, he is bound over by a magistrate or arraigned on charges." *Id.* Here, Mr. Jones was arraigned on July 3, 2016, the day after his arrest, thus starting the three-year statute-of-limitations clock on his false imprisonment claims. *See Owens v. Okure*, 488 U.S. 235, 249–50 (1989) (holding that state law statute of limitations applies to § 1983 claims); N.Y. C.P.L.R. § 214(5) (providing for three-year statute of limitations for personal injury actions). This suit was filed on September 30, 2019, more than three years after that date. The false imprisonment claims are therefore untimely.

Mr. Jones argues that the district court should have equitably tolled the limitations period because he was unaware of the officers' reasons for stopping him until they testified at a February 2017 suppression hearing. Equitable tolling is applied only in "rare and exceptional circumstances," where a party was prevented from timely performing a required act and where that party "acted with reasonable diligence throughout the period he sought to toll." *Walker v. Jastremski*, 430 F.3d 560, 564 (2d Cir. 2005). Even accepting Mr. Jones's assertion that he was

unaware of the officers' reason for the stop until February 2017, he does not offer any explanation for why he then waited an additional two-and-a-half years to file suit. Dismissal of the false imprisonment claims was therefore appropriate.

## II.    Malicious Prosecution

In assessing a malicious prosecution claim brought under § 1983, federal courts look to the relevant state tort law. *See Lanning v. City of Glens Falls*, 908 F.3d 19, 25 (2d Cir. 2018). In New York, a plaintiff alleging malicious prosecution must show "(1) the commencement or continuation of a criminal proceeding by the defendant against the plaintiff, (2) the termination of the proceeding in favor of the accused, (3) the absence of probable cause for the criminal proceeding and (4) actual malice." *De Lourdes Torres v. Jones*, 26 N.Y.3d 742, 760 (2016).

The favorable termination requirement has clearly not been met for the drug charge on which Mr. Jones was convicted and which was affirmed on appeal. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *Lanning*, 908 F.3d at 28 (holding that, to state a malicious prosecution claim, plaintiff must allege that the "termination of the prosecution[] against him affirmatively indicated his innocence").[2]

As to the charges that ended in acquittal, the complaint does not adequately allege that there was no probable cause to prosecute. "Once a suspect has been indicted [New York] law holds that the Grand Jury action creates a presumption of probable cause." *Rothstein v. Carriere*, 373 F.3d 275, 282–83 (2d Cir. 2004). This presumption may be rebutted by showing that the indictment

---

[2] Mr. Jones was also convicted of a marijuana charge, but that conviction was vacated on appeal due to the passage of a state law expunging some marijuana-related convictions. *See Jones*, 113 N.Y.S.3d at 38. Mr. Jones does not meaningfully discuss this conviction in his complaint or appellate brief, and any claims relating to it are therefore waived.

"was produced by fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith." *Id.* at 283. Mr. Jones admits that a grand jury indicted him on all six charges for which he was prosecuted, but asserts that the prosecution was predicated on "fabricated" police allegations, namely that the police fraudulently concealed (until the 2017 suppression hearing) that they based their stop on the fact that he was double parked. But the complaint's allegations concern only the events that took place during Mr. Jones's arrest, and the complaint contains no well-pleaded allegations of misconduct relating to the grand jury proceedings. It therefore does not allege facts that would rebut the presumption of probable cause. *See Rothstein*, 373 F.3d at 283. Accordingly, the complaint does not state a claim for malicious prosecution.

We have considered all of Mr. Jones's remaining arguments and find in them no basis for reversal. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5