21-1267-cv
Jallow v. The City of New York

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of November, two thousand twenty-one.

PRESENT:
> **JOSEPH F. BIANCO,**
> **MICHAEL H. PARK,**
> **WILLIAM J. NARDINI,**
> *Circuit Judges.*

_____

**Yaya Jallow,**

       *Plaintiff-Appellant,*

    **v.**                                  **21-1267**

**The City of New York,**

       *Defendant-Appellee.*

_____

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT: | Yaya Jallow, *pro se*, Brooklyn, NY. |
| FOR DEFENDANT-APPELLEE: | No appearance. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Stanton, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Yaya Jallow, proceeding *pro se* and *in forma pauperis*, filed an amended complaint against the City of New York (the "City"), asserting claims under 42 U.S.C. § 1983, and other claims under federal and state criminal statutes. He primarily alleged that, following physical altercations with employees at a Chipotle restaurant (the "Chipotle incident") and a supermarket (the "supermarket incident"), New York Police Department ("NYPD") officers arrested him without probable cause based on his race. The district court dismissed the amended complaint but granted Jallow leave to amend. Jallow filed a second amended complaint against the City. The district court construed the amended complaint as raising false-arrest and equal-protection claims under 42 U.S.C. § 1983, as well as state law claims, and dismissed it *sua sponte*. The court reasoned that Jallow had failed to identify a municipal policy, custom, or practice that amounted to a constitutional violation, and had failed to plead facts suggesting that unidentified NYPD officers arrested him without probable cause or treated him differently because of his race. The court declined to exercise supplemental jurisdiction over the state law claims and declined to afford Jallow another opportunity to amend. The district court entered judgment on May 6, 2021. Jallow appeals.[1] We assume the parties' familiarity with the underlying facts and the procedural

---

[1] In his appellate brief, Jallow does not address his Section 1983 due process claims, any claims raised under 42 U.S.C. § 1981, any claims under the various state statutes mentioned in his second amended complaint, or any claims related to issues he had at a City shelter, nor does he mention the district court's denial of another opportunity to amend his complaint. He has therefore abandoned any challenges to these

2

history of the case, which we reference only as necessary to explain our decision to affirm.

We review *de novo* a district court's *sua sponte* dismissal of a complaint under 28 U.S.C. § 1915(e)(2)(B). *Zaleski v. Burns*, 606 F.3d 51, 52 (2d Cir. 2010) (per curiam). Overall, a complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.* A claim will therefore have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court must construe a *pro se* complaint liberally and "with special solicitude . . . to raise the strongest claims that it suggests." *Williams v. Corr. Officer Priatno*, 829 F.3d 118, 122 (2d Cir. 2016) (internal quotation marks omitted). However, it must also dismiss a complaint filed *in forma pauperis* if it determines that the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii); *see also Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013) ("[A] *pro se* complaint must state a plausible claim for relief.").

Jallow's second amended complaint made conclusory allegations that he was "a victim of countless civil liberties violations" and described the incidents in which he was involved as outgrowths of a "racist, bigoted, hate-filled State agenda to discriminate." D. Ct. Dkt. ECF No. 9 at 2, 4. He alleged that "the [City] and [its] personnel" violated both his civil and constitutional rights by fraudulently arresting him, prosecuting him, and discriminating against him. *Id.* at 1.

---

issues. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995).

3

On appeal, he argues that the City's "personnel and departments" were responsible for violating his constitutional rights. Appellant's Br. at 15. Because the City was the sole defendant—as Jallow declined the opportunity to name the individual NYPD officers he claims violated his constitutional rights—Jallow was required to allege that "he suffered the denial of a constitutional right that was caused by an official municipal policy or custom" in order to state a municipal liability claim under Section 1983. *Frost v. N.Y.C. Police Dep't*, 980 F.3d 231, 257 (2d Cir. 2020) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)); *see also Lucente v. County of Suffolk*, 980 F.3d 284, 297 (2d Cir. 2020) (stating that a plaintiff suing a municipality must show: "(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." (internal quotation marks omitted)). An "official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Lucente*, 980 F.3d at 297 (internal quotation marks and alteration omitted). "In order to establish *Monell* liability based upon a persistent and widespread practice by a subordinate municipal employee (or employees) other than a policymaker, the employee's unconstitutional conduct must be so manifest as to imply the constructive acquiescence of senior policy-making officials." *Id.* at 297–98 (internal quotation marks omitted); *see also Vippolis v. Village of Haverstraw*, 768 F.2d 40, 44 (2d Cir. 1985) (requiring a showing that a municipality took some action that caused plaintiff's injuries "beyond merely employing the misbehaving officer").

The district court properly dismissed the second amended complaint under 28 U.S.C. § 1915(e)(2)(B)(ii), holding that Jallow failed to state a Section 1983 claim against the City. Although Jallow considered the incidents in which he was involved as arising from a "racist,

4

bigoted, hate-filled State agenda to discriminate," D. Ct. Dkt. ECF No. 9 at 2, this broad, conclusory assertion fails to plead plausibly the existence of a "persistent and widespread" official policy or custom that caused the deprivation of his constitutional rights, *Lucente*, 980 F.3d at 297. In short, Jallow's bare allegation that individual NYPD officers discriminated against him and violated his rights by arresting him during the Chipotle and supermarket incidents does not suffice to plausibly allege the existence of a sanctioned City policy or custom that caused his alleged injuries. *See Littlejohn v. City of New York*, 795 F.3d 297, 315 (2d Cir. 2015) (holding that a "general and conclusory allegation" of a municipal policy or custom fails to state a *Monell* claim). To the extent Jallow insists that municipal liability should be inferred from the egregious nature of what unnamed individual officers did, Jallow has failed to allege facts from those incidents, even when viewed collectively and most favorably to him, that would give rise to a plausible inference that the City had a policy or custom that caused a violation of his constitutional rights. Moreover, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*," *Iqbal*, 556 U.S. at 676, which is, at bottom, Jallow's theory of municipal liability. Jallow's second amended complaint failed to address the defects in his claims against the City. The district court thus properly determined that Jallow failed to state a claim and correctly dismissed his complaint *sua sponte*.

We have considered Jallow's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5