22-1052
*Humphrey v. IRS*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of December, two thousand twenty-two.

PRESENT:
>ROBERT D. SACK,
>RICHARD J. SULLIVAN,
>MICHAEL H. PARK,
>>*Circuit Judges.*

_____

JOHN JAY HUMPHREY,

>*Plaintiff-Appellant*,

>v.                                                                                  No. 22-1052

INTERNAL REVENUE SERVICE, UNITED STATES GOVERNMENT, JUSTICE OF THE NORTHERN DISTRICT COURT OF NEW YORK, COURT CLERK OF THE NORTHERN DISTRICT COURT OF NEW YORK, JUSTICE

OF THE SECOND CIRCUIT, COURT CLERK OF THE SECOND CIRCUIT, JUSTICES OF THE UNITED STATES SUPREME COURT, COURT CLERK OF THE UNITED STATES SUPREME COURT,

*Defendants-Appellees.*[*]

_____

**For Plaintiff-Appellant:**      John Jay Humphrey, pro se, Syracuse, NY.

**For Defendants-Appellees:**      No appearance.

Appeal from a judgment of the United States District Court for the Western District of New York (Elizabeth A. Wolford, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

John Jay Humphrey, proceeding pro se, appeals from the district court's dismissal of his claims pursuant to 42 U.S.C. § 1983 against the Internal Revenue Service ("IRS"), the United States government, and federal judges, justices, and

---

[*] The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

clerks of court of the United States District Court for the Northern District of New York, United States Court of Appeals for the Second Circuit, and the Supreme Court of the United States (collectively, the "Judiciary Defendants").[1]  Humphrey alleges in his complaint that the IRS and United States government violated his due-process rights by stealing his "tax returns" for ten years, *see, e.g.*, Dist. Doc. No. 1 at ¶¶ 22–31, and that the Judiciary Defendants also violated his due-process rights when they ruled against him in prior cases alleging misconduct by the IRS, as well as prior cases alleging misconduct by the City of Syracuse for not enforcing New York traffic and parking laws in poor neighborhoods, resulting in hazardous road conditions, *see, e.g.*, *id.* at ¶¶ 42, 124.  In his pro se appellate brief – which we "construe[] liberally and interpret[] to raise the strongest arguments that [it] suggest[s]," *Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020) (citation omitted) – Humphrey contends that the district court, in the course of screening the sufficiency of his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), erred by:

---

[1] The defendants include "Justice of the Second Circuit," which we construe to name every judge on this Court.  Dist. Doc. No. 1 at 1.  While judges named as parties would ordinarily be disqualified from hearing this appeal, the "rule of necessity" permits our review where it would be impossible to convene a three-judge panel consisting of circuit judges who are not parties to this suit.  *See Zaleski v. Burns*, 606 F.3d 51, 53 n.1 (2d Cir. 2010).

(1) dismissing, as barred by the principles of sovereign immunity, his claims against the IRS and United States government; and (2) dismissing, as barred by the principles of judicial immunity, his claims against the Judiciary Defendants. We assume the parties' familiarity with the underlying facts, the procedural history, and issues on appeal.

We review de novo a district court's ruling on a motion to dismiss based on sovereign immunity and judicial immunity. *See Vega v. Semple*, 963 F.3d 259, 281 (2d Cir. 2020) (sovereign immunity); *Butcher v. Wendt*, 975 F.3d 236, 241 (2d Cir. 2020) (judicial immunity). Likewise, we review dismissals under section 1915(e) de novo. *See Zaleski*, 606 F.3d at 52.

First, the district court properly dismissed without prejudice Humphrey's tax-related claims against the United States government and the IRS. The doctrine of sovereign immunity bars federal courts from hearing all suits for monetary damages against the federal government, including federal agencies like the IRS, unless sovereign immunity has been waived. *See United States v. Mitchell*, 445 U.S. 535, 538 (1980); *Robinson v. Overseas Mil. Sales Corp.*, 21 F.3d 502, 510 (2d

4

Cir. 1994).[2] Humphrey argues on appeal that 28 U.S.C. § 1346(a)(1) contains such a waiver of sovereign immunity, but the Supreme Court has rejected this very argument, explaining that courts are "barred from entertaining [a] suit for a refund of [a] tax" under section 1346(a)(1) "until a claim for refund or credit has been duly filed with the Secretary [of the Treasury], according to the provisions of law in that regard, and the regulations that the Secretary established in pursuance thereof." *United States v. Dalm*, 494 U.S. 596, 601–02 (1990) (quoting 26 U.S.C. § 7422(a)); *see also* 26 U.S.C. § 6511(a). Because Humphrey does not dispute the district court's conclusion that he failed to allege facts demonstrating that he has sufficiently exhausted his administrative remedies, *see, e.g.*, *Green v. Dep't of Educ.*, 16 F.4th 1070, 1074 (2d Cir. 2021) ("[A] pro se litigant abandons an issue by failing to address it in the appellate brief."), we affirm the district court's dismissal of his claims against the IRS and federal government on sovereign-immunity grounds.

---

[2] Humphrey asserts that he is seeking not only monetary damages, but also seeking criminal penalties including imprisonment or execution. Criminal penalties, however, are not available in a civil suit like this one. Furthermore, Humphrey's allusions to the execution of the defendants in this case (including the judges of this Court) are wholly inappropriate and provide the basis, in part, for this Court's recent order directing Humphrey to show cause as to why a leave-to-file sanction should not be imposed. *See* Motion Order at 2, *Humphrey v. U.S. Dist. Ct. for the N. Dist. of N.Y.*, No. 22-1460 (2d Cir. Nov. 30, 2022), ECF No. 45.

5

Second, the district court did not err in dismissing with prejudice Humphrey's claims against the Judiciary Defendants. "It is well settled that judges generally have absolute immunity from suits for money damages for their judicial actions." *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009). Instead, judges are subject to suit only for (1) "nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity"; and (2) "actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991). Likewise, clerks of court are entitled to absolute immunity "for performance of tasks which are judicial in nature and an integral part of the judicial process." *Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997). Here, even though Humphrey names both judges and clerks of court as defendants, the only actions that he specifically complains of are adverse decisions by judges in various civil proceedings and appeals – actions that are plainly judicial in nature. *See Bliven*, 579 F.3d at 210 ("[A]cts . . . related to[] individual cases before the judge are considered judicial in nature."). Similarly, nowhere does Humphrey plausibly suggest that the judges rendered those decisions "in the complete absence of jurisdiction." *See Huminski v. Corsones*, 396 F.3d 53, 75 (2d Cir. 2005). Thus, the

6

district court properly concluded that the Judiciary Defendants were entitled to absolute immunity.

We have considered Humphrey's remaining arguments and find them to be without merit.[3]    Accordingly, we **AFFIRM** the judgment of the district court.

        FOR THE COURT:
        Catherine O'Hagan Wolfe, Clerk of Court

---

[3] For example, to the extent that Humphrey also challenges the district court's denial of leave to amend, we agree with the district court that amendment would be futile. *See Noto v. 22nd Century Grp., Inc.*, 35 F.4th 95, 102 (2d Cir. 2022) (specifying de novo review where denial of leave to amend is based on futility).    The complaint's defects are either substantive and cannot be cured by repleading, or are ones that Humphrey in effect already had the opportunity to cure. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).    Moreover, Humphrey "has not offered any pleading that would cure the deficiencies in the extant complaint," and "[w]ithout such a showing, we can only conclude that repleading would be futile." *Port Dock & Stone Corp. v. Oldcastle Ne., Inc.*, 507 F.3d 117, 127 (2d Cir. 2007).